UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI B., <br><br> Plaintiff, <br><br> v. <br><br> Andrew M. SAUL, <br><br> Defendant. | Case No.: 21-cv-0961-AGS <br><br> **ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 3)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and her complaint states a claim for relief. So, the Court grants plaintiff's motion.

### Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, plaintiff owns one asset—the bus in which she lives—valued at $1700 and has only $950 cash on hand. She receives $1800 a month in unemployment and approximately $200 over the last year from overdue child support payments (ECF 3, at 1-2.) Plaintiff's normal monthly expenses are $1830. (*Id*. at 4-5.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $52. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

**28 U.S.C. § 1915(e) Screening**

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff first amended complaint meets all four elements to survive a § 1915(e) screening. First, plaintiff "exhausted all administrative remedies by seeking review with the Appeals Council," which denied her request on "December 31, 2018."[2] (ECF 5, at 4.) Next, plaintiff claims to reside in Chula Vista, California "within the jurisdictional boundaries of this Court." (*Id*. at 1.) The first amended complaint also states the nature of plaintiff's disability: "fibromyalgia, obesity, bipolar disorder, depressive disorder, and anxiety disorder" which rendered her disabled since "November 9, 2013." (*Id*. at 2.) Finally, plaintiff identifies the nature of her disagreement with the Social Security Administration's determination, arguing that "the number of jobs the ALJ found [Toni] able to do lacks the support of substantial evidence" and "the ALJ failed to articulate legally

---

[2] This date appears to be a typo, as she also claims that the step before the Appeals Council occurred on "February 8, 2021." (ECF 5, at 2.)

sufficient reasons for rejecting Dr. Dolnak's opinion." (*Id.* at 3.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP motion.

Dated:  May 24, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge